IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEFFERY ROY FINLEY,

          Plaintiff,

v.                                          CIVIL ACTION NO.  2:20-cv-00069

DONNIE AMES,

          Defendant.

**ORDER**

Pending before the Court is Respondent Donnie Ames' ("Respondent") Motion to Dismiss, (ECF No. 13), Petitioner Jeffery Roy Finley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 2).   By Standing Order, this matter was referred to United States Magistrate Judge Omar Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 5.)   On December 23, 2020, Magistrate Judge Aboulhosn filed a PF&R, (ECF No. 18), recommending that this Court grant Respondent's Motion to Dismiss, dismiss without prejudice Petitioner's Petition for Writ of Habeas Corpus, and dismiss this matter from the Court's docket.  The PF&R states that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims.   (ECF No. 18 at 12.)   Further, Petitioner's Motion for Reconsideration/Reduction of Sentence remains pending in the Circuit Court of Logan County, West Virginia, and this motion tolls the one–year statute of limitations for the filing of Petitioner's Section

1

2254 Petition.[1] (*Id.* at 13–15.) Finally, Petitioner did not file an objection to the PF&R. Accordingly, this Court adopts Judge Aboulhosn's recommendation.

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Objections to the PF&R in this case were due on April 20, 2020, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, Plaintiff has failed to submit any objection in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 18), **GRANTS** Respondent's Motion to Dismiss, (ECF No. 13), **DENIES WITHOUT PREJUDICE** Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 2), and **DISMISSES** this action from the docket of the Court. The Clerk is **DIRECTED** to remove this action from this Court's active docket.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to

---

[1] The Court has confirmed with the Circuit Court of Logan County, West Virginia, that the Motion for Reconsideration/Reduction of Sentence is still pending as of the date of this Order.

Rule 11(a), Petitioner may not appeal the District Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 3, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE